

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JARED ROSLING,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | CV 12-161-M-DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations to dismiss Petitioner Jared Rosling's Motion to Reconsider and Petition for Writ of Habeas Corpus on November 26, 2013. (Doc. 23.) Rosling timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this court adopts Judge Lynch's findings and recommendations in full. Because the parties are familiar with the factual and procedural background of this case, it will not be

repeated here.

Rosling makes five objections to findings related to the purported ineffective assistance of his trial counsel. He first objects to Judge Lynch's finding that his trial counsel was not ineffective with respect to her failure before trial to obtain a comparison palm print to one found at the scene. Rosling contends that, had trial counsel pursued a comparison print, the resulting evidence could have created reasonable doubt in the minds of jurors. Rosling assumes a mismatch between his own hand print and the print found at the scene, and fails to consider the prejudicial effect the opposite result could have had on his case at trial. Further, Rosling fails to recognize that, while a match could have had a substantial negative impact, a lack thereof does not in itself prove he was not at the scene. Judge Lynch found, and this Court agrees, that trial counsel made a reasonable strategic decision not to seek a comparison hand print in light of the damning effect a positive match could have had on Rosling's case. Given the reasonableness of counsel's performance, there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Rosling next objects to Judge Lynch's finding that trial counsel was not ineffective with respect to her failure to object to the prosecutor's statement in

closing argument regarding a diffuse blood stain found in a brand-new pair of ski gloves Rosling purchased on the morning of Jessica Dooley's death. The prosecutor argued that Rosling "may have been red-handed" when he placed his hand in the gloves. (Doc. 23 at 27.) Rosling contends, with support of the record, that he denied being "red-handed" at trial, and that the prosecutor's use of the term "amounted to a claim Rosling confessed to committing the crime or being caught in an undeniably incriminating situation." (Doc. 24 at 7.) However, Rosling admitted on the witness stand that he could have had blood on his hands from skiing, snowboarding, or playing "quarters" the night before. Judge Lynch found, and again this Court agrees, that no reasonable juror would have accepted the prosecutor's characterization of the evidence in closing argument as proof that Rosling confessed on the stand. Thus, failing to object to the statement was not unreasonable and did not singularly affect the outcome of Rosling's case; neither prong of the *Strickland* test is met.

Rosling next objects to Judge Lynch's finding that trial counsel was not ineffective for failing to object to the prosecutor's argument in closing that witness Rosaline Diehl had no motive to lie in testifying at trial. Rosling contends that the prosecutor's argument resulted in the jury ignoring evidence presented in the case in favor of Diehl's testimony. (Doc. 24 at 11.) A prosecutor improperly vouches

for a witness's credibility when he "place[s] the prestige of the government behind the witness" or "indicate[s] that information not presented to the jury supports the witness's testimony." *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir. 1980). This court agrees with Judge Lynch's finding that there was no improper vouching by the prosecutor warranting an objection by trial counsel. Asking jurors whether a witness has any reason to lie is qualitatively different from stating that a witness *did not* lie, or from stating that a witness is inherently credible. In response to the argument, jurors remained free to determine any number of reasons why Ms. Diehl might have lied if they believed she had, and remained free to deem her testimony incredible if they so chose.

Rosling next objects to Judge Lynch's finding that trial counsel was not ineffective for failing to object to the prosecutor's statement in rebuttal closing argument that a hair found on Jessica Dooley's body matched Rosling's. Rosling contends trial counsel "was obligated to lodge an objection," and that her failure to do so entitles him to a new trial. (Doc. 24 at 23-24.) Rosling correctly states that the hair evidence found at the scene did not precisely match his own hair – the two samples differed at one genetic location. The state presented evidence that approximately 2% to 8% of the human population possesses a condition whereby multiple hair samples from the same individual can differ in their genetic

sequencing. Rosling's trial counsel seized on those facts, pointing out that the state's evidence showed it statistically unlikely for Rosling to possess that genetic condition. She further argued in closing that the hair found on Dooley's body could have been picked up and deposited there by someone else. Indeed, Rosling himself testified he was in Dooley's house and discovered her body at the scene. Judge Lynch found, and this court agrees, that it was not unreasonable for trial counsel to fail to lodge an objection to the prosecutor's statement in rebuttal given the evidence and the contents of her closing argument.

Rosling's objection to Judge Lynch's finding regarding the cumulative prejudicial effect of the above alleged instances of ineffective assistance of counsel fails. Trial counsel's performance was not deficient, and consequently there is no need to consider cumulative prejudice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006).

Rosling makes two objections to findings related to the purported ineffective assistance of his appellate counsel. He first objects to Judge Lynch's finding that appellate counsel was not ineffective for failing to appeal the trial court's denial of a motion for mistrial following the prosecutor's inadvertent showing of photographs excluded from trial *in limine*. Rosling contends that, though the record is devoid of any information describing the size of the

photographs, the time for which they were displayed, etc., "it strains credulity to suggest the jurors [sic] attention was anywhere but on the large screen" displaying the photographs. (Doc. 24 at 14.) Further, he contends that he was "prejudiced to the extent the jury likely engaged in some speculation regarding the photographs and their evidentiary value." (*Id.* At 15.) This court agrees with Judge Lynch's finding that, absent a supportive trial record, appellate counsel acted reasonably in deciding not to pursue the issue on appeal.

Rosling also objects to Judge Lynch's finding that appellate counsel was not ineffective for failing to appeal his supposed absence from an in-chambers conference on the issue of Officer Dennis Davis's proposed testimony. Similar to the above appellate counsel objection, the record is insufficient to support an appeal – it does not indicate who attended the conference. Judge Lynch found, and this court agrees, that appellate counsel cannot argue an issue on appeal without factual support in the record, and there was no indication that Rosling was *not* present at the conference.

Rosling's final set of objections pertains to Judge Lynch's findings that the evidence presented at trial was sufficient to support his convictions for deliberate homicide, aggravated kidnapping, aggravated burglary, and tampering with evidence. On review of the record pursuant to a habeas petition, the court must

consider all of the evidence in the light most favorable to the jury's verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Where a petitioner's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [habeas] petition," the applicable portions of the findings and recommendations will be reviewed for clear error. *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012). Rosling's objections are entirely conclusory and as such are disregarded. As Judge Lynch found, a rational juror could have found facts sufficient to support each conviction beyond a reasonable doubt.

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations (Doc. 23) are adopted in full. The claims set forth in Rosling's Motion to Reconsider and Amended Petition (Docs. 6, 15) are DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

Dated this 21st day of February, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court